IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LOYALTY D. DICKERSON**  **PLAINTIFF**
**ADC #179465**

V.                    NO. 4:25-cv-334-JM-ERE

**VALARIE F. THOMAS,** *et al*.  **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.   Procedure for Filing Objections

This Recommendation has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Moody can adopt this Recommendation without independently reviewing the record.

### II.   Background

*Pro se* plaintiff Loyalty D. Dickerson, an Arkansas Division of Correction ("ADC") inmate, filed this lawsuit under 42 U.S.C. § 1983. *Doc. 2-1*. Mr. Dickerson's complaint alleges that: (1) Corporal Valarie F. Thomas issued him a false disciplinary: (2) Major Jimmy Coleman IV "approved of the false documentations" (*Id*. at 4); (3) Disciplinary Hearing Officer Justine M. Minor

convicted him of the false disciplinary; and (4) Warden Musslewhite failed to properly respond to his grievance relating to the false disciplinary. He sues Defendants in both their individual and official capacities seeking monetary damages.

### III.   Discussion

#### A.   Standard

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011). Factual allegations must "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Mere "labels and conclusions" are insufficient, as is a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Legal conclusions couched as factual allegations may be disregarded. See *Iqbal*, 556 U.S. at 679.

**B.     False Disciplinary**

Mr. Dickerson's complaint alleges that: (1) Defendant Thomas issued him a false disciplinary; (2) Defendant Coleman upheld the false disciplinary; and (3) Defendant Minor convicted him of the false disciplinary. However, the issuance of a false disciplinary, without more, does not rise to the level of a constitutional violation. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (citing *Freeman v. Rideout*, 808 F.2d 949, 951–52 (2nd Cir.1986)). Filing a false disciplinary can violate the Constitution if done in retaliation for exercising a federally protected right, but here, Mr. Dickerson has not alleged or identified any retaliatory motive that any Defendant might have had to issue the false disciplinary, uphold the false disciplinary, or convict him of the false disciplinary. As a result, Mr. Dickerson's complaint fails to state a plausible constitutional claim related to the false disciplinary.[1]

---

[1] To the extent that Mr. Dickerson alleges that Defendants violated his due process right, this claim also fails. To state a Fourteenth Amendment due process claim, a prisoner "must first demonstrate that he was deprived of life, liberty, or property by government action." See *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). In this case, Mr. Dickerson's due process claim must be based on the denial of a liberty interest.

In his complaint Mr. Dickerson states that, as a result of the conviction for the disciplinary charge at issue, he was prevented from "gaining [his] class." *Doc. 2-1 at 4*. Such punishment is not severe enough to trigger a constitutionally protected liberty interest. See *Thornsberry v. Barden*, 854 F. App'x 105 (8th Cir. 2021) ("Thornsberry's assignment to isolation, loss of privileges, and reclassification were insufficient to state a due process claim."); *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (inmates have no liberty interest in maintaining a particular classification level; and thirty days in punitive segregation is not an atypical and significant hardship).

### C. Access to Grievance Procedure

In addition, although Mr. Dickerson alleges that Defendant Musslewhite failed to properly process his grievance related to the false disciplinary, the law is settled that an inmate does not have a constitutional right to an inmate grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); and *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Dickerson's complaint be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4. The Clerk be directed to close this case.

Dated 8 April 2025.

_____
UNITED STATES MAGISTRATE JUDGE